IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| JERRY KOLAR, *et al.* | * | |
| *Plaintiffs* | * | |
| v. | * | Case No.: _____ |
| RUI LING, *et al.* | * | |
| *Defendants* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **DEFENDANTS' JOINT NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, Rui Ling and Defendant, PV Holding Corp., by Ferguson, Schetelich & Ballew, P.A., Peter J. Basile, and James K. Howard, their attorneys, jointly represent that this case is properly removable pursuant to 28 U.S.C. § 1441(a) and (b), and respectfully file this Joint Notice of Removal to remove to the United States District Court for the District of Maryland, Northern Division, an action initiated in the Circuit Court of Baltimore County. As grounds for removal, Defendants jointly state as follows:

1. On August 25, 2021, Plaintiffs commenced a civil action against Defendants in the Circuit Court for Baltimore County, Case No. C-03-CV-21-002781 (hereinafter, "State Court Action").

2. Plaintiffs have set forth claims of negligence and loss of consortium against both Defendants.

3. On October 14, 2021, Defendants each filed an Answer to the Complaint in the State Court Action.[1]

---

[1] In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by counsel for the Defendants in the State Court Action are being filed as attachments to this Notice of Removal and are incorporated herein by reference.

4.     This Notice of Removal is timely as it is filed within thirty (30) days after the last Defendant served: PV Holding was properly served through its resident agent on October 1, 2021. 28 U.S.C. § 1446(b)(2).  Furthermore, it is being filed within thirty (30) days of the first Defendant served: Rui Ling was served on September 16, 2021.[2]

5.     The United States District Court for Maryland, Northern Division, is the federal district and division embracing Baltimore County, Maryland, where the State Court Action was originally filed.  28 U.S.C. § 100(1). Thus, Defendants' Joint Notice of Removal is properly filed in this District and Division.  28 U.S.C. § 1441(a).

BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6.     The State Court Action is removable under 28 U.S.C. § 1332(a). The Court has subject matter jurisdiction over the State Court Action because it is between citizens of different states, the amount in controversy exceeds $75,000.00, and the case arises under the laws of the United States. 28 U.S.C. §1332(a).

7.     Upon information and belief, and according to the Complaint, Plaintiffs presently reside together and are residents of the Commonwealth of Pennsylvania, and did so at the time of the filing of the Complaint.  *See* Complaint Caption and ¶ 1 of Complaint.

---

[2] Plaintiffs have incorrectly certified that Defendant Ling was served on September 13, 2021 by certified mail, restricted delivery in Iowa, but this appears to be the date on which the letter was mailed to Defendant Ling, not the date of delivery.  The USPS Tracking slip attached to the Affidavit of Service shows that the item was delivered on September 16, 2021 in Des Moines, Iowa, and it is the date of delivery, not the date of mailing that determines when service is complete.  *See* Md. Rule 2-121(a) (service by certified mail under this rule is complete upon delivery). Defendant Ling, however, did not sign the certified mail, restricted delivery card.  Under Maryland Rules, if service is undertaken by certified mail, restricted delivery, only the person being served may receive and sign for the service packet.  *See* Md. Rule 2-121(a); *see also* IOWA CODE ANN. § 321.501 (requiring that non-residents be served by restricted certified mail). Defendant Ling received the Summons and Complaint when she retrieved mail from her mailbox on September 25, 2021, but she did not sign for it on September 16, 2021.  Nevertheless, Defendant Ling has waived any defect in service and has accepted service as of September 16, 2021, the date of delivery, and has filed an Answer in State Court.

2

8.      Defendant Rui Ling at all relevant times has been and has remained a citizen of the People's Republic of China.  Ms. Ling presently resides in the State of Iowa, where she has resided since late-September 2020.  At the time Ms. Ling accepted service of process, she was a resident of the State of Iowa.

9.      Defendant PV Holding Corp. is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Delaware.  A corporation "is deemed a citizen of any state in which it is incorporated or has its principal place of business." 28 U.S.C. § 1332(c).  PV Holding Corp. therefore is a citizen of Delaware.

10.     Plaintiffs' Complaint requests judgment against Defendants in an amount in excess of $75,000.00.  *See* Complaint's ad damnum clause at p. 10. Thus, the amount in controversy requirement specified in 28 U.S.C. § 1332(a) is satisfied.

11.     In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all parties, and a true and correct copy of the Notice of Removal is being filed with the Circuit Court of Maryland for Baltimore County.

12.     Pursuant to 28 U.S.C. § 1446(d), this Notice shall effect the removal and there shall be no further proceedings in the state court unless and until the case is remanded.

                    FERGUSON, SCHETELICH & BALLEW, P.A.

Dated: October 15, 2021        By:   */s/ Peter J. Basile*
                                                  Peter J. Basile
                                                  (signed w/ permission by James K. Howard)
                                                  Fed. Trial Bar. 10405
                                                  100 S. Charles Street, Suite 1401
                                                  Baltimore, Maryland 21201
                                                  (410) 837-2200
                                                  (410) 837-1188 (fax)
                                                  pbasile@fsb-law.com

                                        By:   */s/ James K. Howard*
                                                  James K. Howard

                        Fed. Trial Bar. 10581
                        100 S. Charles Street, Suite 1401
                        Baltimore, Maryland 21201
                        (410) 837-2200
                        (410) 837-1188 (fax)
                        jhoward@fsb-law.com
                        *Attorneys for Defendants,*
                        *Rui Ling and PV Holding Corp.*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 15th day of October, 2021, I electronically filed the foregoing (and attachments) with the Clerk of the Court and served on Plaintiffs' attorney Randall Melvin Justice, Jr., (who is registered in the CM/ECF system and assigned Federal Bar # 19003), and will mail a copy of this Notice of Removal, first-class mail, postage prepaid to Plaintiffs' attorney, at the below address:

    Randall Melvin Justice, Jr.
    Fed. Trial Bar. # 19003
    **SAVOCA JUSTICE LLC**
    1525 Oregon Pike, Suite 501
    Lancaster, PA

                        FERGUSON, SCHETELICH & BALLEW, P.A.

                By:    */s/ James K. Howard*
                        Peter J. Basile
                        Fed. Trial Bar. # 10405
                        James K. Howard
                        Fed. Trial Bar. # 10581
                        100 S. Charles Street, Suite 1401
                        Baltimore, Maryland 21201
                        (410) 837-2200
                        (410) 837-1188 (fax)
                        pbasile@fsb-law.com
                        jhoward@fsb-law.com
                        *Attorneys for Defendants,*
                        *Rui Ling and PV Holding Corp.*