**Deficient per Rule 20-203(d). Unless corrected, not a valid pleading or paper**

| | | |
|---|---|---|
| **JERRY AND DEBRA KOLAR**, Husband and wife, 1609 Deer Creek Road, New Freedom, PA 17349, | : : : : | IN THE CIRCUIT COURT |
| Plaintiffs, | : : : : | FOR BALTIMORE COUNTY, |
| v. | : : | MARYLAND |
| **RUI LING**, 110 West 39th Street, Apt. 1106 Baltimore, MD 21210, and **PV HOLDING CORP**, 90-20 Grand Central Parkway, East Elmhurst, NY 11369, | : : : : : : : : : : | |
| Defendants. | : | Case No.: C-03-CV-21-002781 |

## COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, Jerry and Debra Kolar, husband and wife, through and by their attorneys, Randall M. Justice, Esquire, and Savoca Justice, LLC, and hereby sue the Defendants, Rui Ling and PV Holding Corporation, and for reason state:

1.

The Plaintiffs, Jerry and Debra Kolar, husband and wife (hereinafter referred to as "Plaintiff Jerry", "Plaintiff Debra" and/or collectively as the "Kolar Plaintiffs"), were at the time of the occurrence that is the subject of this Complaint and remain to be adult citizens and residents of the Commonwealth of Pennsylvania, who are currently residing at 1609 Deer Creek

Road, New Freedom, York County, Pennsylvania 17349.

2.

The Defendant, Rui Ling (hereinafter referred to as "Defendant Ling"), was at the time of the occurrence that is the subject of this Complaint and remains an adult citizen and resident of the State of Maryland who, upon information and belief, resides at 110 West 39th Street, Apartment 1106, Baltimore, Maryland 21210.

3.

The Defendant, PV Holding Corporation (hereinafter referred to as "PV Holding"), was at the time of the occurrence that is the subject of this Complaint and remains to be a corporation organized under the State of New York who, upon information and belief, business address of 90-20 Grand Central Parkway, East Elmhurst, New York 11369.

4.

The facts and occurrences hereinafter related took place on or about September 1, 2018, at 3:29 p.m., on the exit ramp from Interstate 695 to Interstate 83 North, Baltimore, Baltimore County, Maryland, in the two (2) right exit lanes to exit Interstate 695 and enter Interstate 83.

5.

Venue is proper in the Circuit Court for Baltimore County, Maryland, pursuant to Maryland Code Ann., Cts & Jud. Proc., §6-202(8), as the incident giving rise to the cause of action occurred in Baltimore County, Maryland.

6.

At all times relevant hereto, Plaintiff Jerry, was the operator of a 2010 Toyota Tacoma, bearing Pennsylvania License Plate Number AM00520, was traveling on Interstate 695, in the

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

left travel lane of the two right exit lanes to exit Interstate 695 and enter onto Interstate 83 North.

7.

At all times relevant hereto, Defendant Ling was the operator of a 2017 Volkswagen Jetta, bearing New Jersey License Plate Number G20HVX, which was owned by Defendant PV Holding, and which Defendant PV Holding knew and/or should have known that Defendant Ling was operating the vehicle and permitted Defendant Ling to operate said vehicle expressly and/or impliedly, and which was traveling on Interstate 695 in the right travel lane of the two right exit lanes to exit Interstate 695 and enter onto Interstate 83 North, when she suddenly and without warning accelerated and swerved to her left in order to merge back onto Interstate 695 but failed to proceed in a safe manner with the result that she drove into the passenger side of the vehicle Plaintiff Jerry was driving.

8.

The said damages, as described hereafter, are in excess of $75,000.00.

### COUNT I - NEGLIGENCE
### Jerry Kolar v. Rui Ling

9.

Paragraphs one (1) through eight (8) are incorporated by reference as if set forth fully hereunder. Plaintiff Jerry further states that:

10.

Plaintiff Jerry, as aforesaid, was traveling in the left travel lane of the two right exit lanes to exit Interstate 695 and enter onto Interstate 83 North, on September 1, 2018 at approximately

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

3:29 p.m., when Defendant Ling suddenly and without warning drove into the passenger side of Plaintiff Jerry's vehicle as aforesaid.

11.

At that time, Defendant Ling, owing a duty to Plaintiff Jerry to operate the vehicle that she was driving with reasonable care and with due regard for others, and in accordance with the laws and regulations of the State of Maryland, was traveling on Interstate 695 in the right travel lane of the two right exit lanes to exit Interstate 695 and enter onto Interstate 83 North, and then suddenly and without warning accelerated and swerved to her left in order to merge back onto Interstate 695 but failed to proceed in a safe manner with the result that she drove into the passenger side of the vehicle Plaintiff Jerry was driving, which resulted in Plaintiff Jerry sustaining myriad injuries according to proof at trial.

12.

Defendant Ling owed a duty of care to others on the roadway, including Plaintiff, to operate her vehicle with reasonable care, with due regard for others using the roadway, and in accordance with the laws and regulations of the State of Maryland.

13.

Defendant Ling negligently breached her duty of care to Plaintiff Jerry by failing to safely merge back onto Interstate 695 from the Interstate 83 Northbound exit/entry travel lanes, failing to keep the vehicle she was driving under control, failing to maintain a proper lookout, driving negligently, failing to properly yield to other vehicles on the public roadway, failing to maintain a safe and proper distance and speed to avoid a collision with Plaintiff Jerry's vehicle, failing to maintain safe and proper control of the vehicle she was operating, operating the motor vehicle

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

she was driving without due regard to the rights, safety, and position of Plaintiff Jerry's vehicle, failing to operate said vehicle with due regard for the highway and traffic conditions which were then and there existing and of which she was or should have been aware, failing to take evasive action in order to avoid impacting Plaintiff Jerry's vehicle, failing to operate the vehicle she was driving in accordance with the laws and regulations of the State of Maryland, and otherwise being negligent and careless, and to the extent that Defendant Ling alleges that the crash was caused by a defect and/or other deficiency of Defendant PV Holding's vehicle, and/or that any such alleged defect and/or deficiency caused and/or contributed to the said crash, then Defendant Ling knew and/or should have known of any and all such defects and/or deficiencies she alleges, and further knew and/or should have known that, if operated on the roadway, the vehicle posed a risk of injury to lawful users of the roadways such that she should not have continued to operate the vehicle.

14.

Said crash resulted solely from Defendant Ling's aforesaid joint and several negligent and careless misconduct, and was in no way the result of any act or failure to act on the part of the Plaintiff Jerry. Plaintiff Jerry was operating his vehicle in a reasonable and prudent manner and in accordance with the laws and regulations of the State of Maryland and held the legal right of way.

15.

As a direct and proximate result of Defendant Ling's aforesaid joint and several negligent and careless misconduct, Plaintiff Jerry sustained myriad personal injuries according to proof at trial and which has caused, is causing and will continue to cause him great pain and mental

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

anguish, which include the following:

a) Physical pain and suffering resulting from multiple bodily injuries as more fully described in Plaintiff Eric's post-crash medical records including but not limited to injuries to Plaintiff Jerry's head, neck, lower back, left foot, left heel, etc.

b) Mental anguish;

c) Discomfort;

d) Inconvenience;

e) Distress;

f) Loss of life's pleasures;

g) Embarrassment and humiliation;

h) An impairment of health and sense of well being; and

i) Disfigurement.

16.

As another direct and proximate result of Defendant Ling's aforesaid joint and several negligent and careless misconduct, Plaintiff Jerry has suffered, is suffering, and in the future will continue to suffer myriad financial injuries and personal losses according to proof at trial which include the following:

a) Past, present, and future medical expenses which have or may in the future exceed applicable legal limits;

b) Incidental costs resulting from dealing with said injuries;

c) Economic and financial losses resulting from dealing with said injuries;

d) Lost economic opportunities resulting from dealing with said injuries;

e) Out of pocket costs and losses resulting from dealing with said injuries;

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

 f) Loss of earnings and earning capacity; and

 g) Loss of time from his usual activities, duties, employment, and pursuits.

Wherefore, the Kolar Plaintiffs respectfully requests that this Honorable Court enter judgment against Defendant Rui Ling, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus, costs, interest and such other and further relief as allowed by law.

## COUNT II -LOSS OF CONSORTIUM
### Jerry and Debra Kolar v. Rui Ling

17.

Paragraphs one (1) through sixteen (16) are incorporated by reference as if set forth fully hereunder. Plaintiffs further state that:

18.

The Kolar Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint and they continue to be so.

19.

The conduct of Defendant Ling as aforesaid caused injury to the marital relationship of the Kolar Plaintiffs, including a loss of society, affection, assistance, companionship and marital intimacy.

Wherefore, the Kolar Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant Rui Ling, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs, interest and such other and further relief as

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

allowed by law.

## COUNT III - NEGLIGENCE
### Jerry and Debra Kolar v. PV Holding Corp

20.

Paragraphs one (1) through nineteen (19) are incorporated by reference as if set forth fully hereunder.  Plaintiffs further state that:

21.

At all times relevant hereto, Defendant PV Holding knew and/or should have known that Defendant Ling was operating the vehicle, and permitted Defendant Ling to operate said vehicle expressly and/or impliedly.

22.

To the extent that Defendant Ling alleges that the crash was caused by a defect or other deficiency of Defendant PV Holding's vehicle and/or that any such alleged defect or deficiency contributed to the said crash, then Defendant PV Holding knew or should have known of any and all such defects and/or deficiencies alleged by Defendant Ling, and further knew or should have known that, if permitted to be operated on the roadway, the vehicle posed a risk of injury to lawful users of the roadways.

23.

Despite what it knew or should have known, Defendant PV Holding failed to take the steps reasonable and necessary to prevent Defendant Ling from using Defendant PV Holding's vehicle, and/or Defendant PV Holding failed to take the steps reasonable and necessary to make

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

the vehicle safe to be use on the roads.

24.

Said crash resulted from Defendant PV Holding's aforesaid joint negligent and careless misconduct, and was in no way the result of any act or failure to act on the part of Plaintiff Jerry.

25.

As a direct and proximate result of Defendant PV Holding's aforesaid joint and several negligent and careless conduct, Plaintiff Jerry has suffered, is suffering, and in the future will continue to suffer personal injuries as aforesaid and as according to proof at trial.

26.

As a further direct and proximate result of Defendant PV Holding's aforesaid joint and several negligence and carelessness, Plaintiff Jerry has suffered, is suffering, and in the future will continue to suffer financial injuries as aforesaid and as according to proof at trial.

Wherefore, the Kolar Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant PV Holding Corp in an amount in excess of $75,000.00 in compensatory damages, plus costs, interest and such other and further relief as allowed by law.

### COUNT IV -LOSS OF CONSORTIUM
### Jerry and Debra Kolar v. PV Holding Corp

27.

Paragraphs one (1) through twenty-six (26) are incorporated by reference as if set forth fully hereunder.  Plaintiffs further state that:

28.

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

The Kolar Plaintiffs were husband and wife at the time of the occurrence referred to in this Complaint and they continue to be so.

29.

The aforesaid conduct of Defendant PV Holding caused injury to the marital relationship of the Kolar Plaintiffs, including a loss of society, affection, assistance, companionship and marital intimacy.

Wherefore, the Kolar Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant PV Holding Corp, jointly and severally, in an amount in excess of $75,000.00 in compensatory damages, plus costs, interest and such other and further relief as allowed by law.

Respectfully submitted,

**SAVOCA JUSTICE, LLC**

*/s/ Randall M. Justice*

_____
Randall M. Justice, Esquire
Co- Attorney for Plaintiffs
1525 Oregon Pike #501
Lancaster, PA 17601
Phone: (717) 519-0805
CPF #: 1406060002

**DEMAND FOR JURY TRIAL**

Plaintiffs demands a Jury Trial in the captioned matter.

*/s/ Randall M. Justice*

_____
Randall M. Justice, Esquire
Co-Attorney for Plaintiffs
1525 Oregon Pike #501
Lancaster, PA 17601
Phone: (717) 519-0805
CPF #: 1406060002

CIRCUIT COURT FILING - DEFICIENT COMPLAINT

## CERTIFICATION OF OUT OF STATE COUNSEL

I, Randall M. Justice, Esquire, hereby certify, pursuant to Maryland Code Ann., Cts & Jud. Proc., §1-313, that I have been admitted to practice law in the State of Maryland.

/s/ Randall M. Justice
_____
Randall M. Justice, Esquire
Co-Attorney for Plaintiffs
1525 Oregon Pike #501
Lancaster, PA 17601
Phone: (717) 519-0805
CPF #: 1406060002